UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON C. GIVENS,   No. 08-10985

    Petitioner,   District Judge Paul D. Borman

v.   Magistrate Judge R. Steven Whalen

HSBC MORTGAGE SERVICES,

    Respondent.
_____ /

**REPORT AND RECOMMENDATION**

Petitioner Jason Givens is the defendant in state court action for termination of tenancy pending in the 36th District Court for the City of Detroit. (*HSBC Mortgage Services Inc. v. Jason Givens and Francoise Givens,* 36th District Court No. 08-307-206-LT). On March 7, 2008, he filed a petition for removal to this Court [Docket #1], and on June 13, 2008, he filed an emergency motion for temporary restraining order [Docket #6]. The case has been referred for all pretrial proceedings, and on June 24, 2008, the Court heard oral argument on the motion for temporary restraining order.

For the reasons set forth below, I recommend that the motion for TRO [Docket #6] be DENIED, and that the case be REMANDED to state court based on improper removal. In addition, I recommend that Petitioner's self-styled Amended Complaint [Docket #9] be DISMISSED WITH PREJUDICE.

    **I.    FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner Jason Givens and his wife, Francoise Givens, were mortgagors with regard to a property located at 18471 Stahelin Ave., in the City of Detroit. The original mortgagee was Decision One Mortgage Company, LLC, and the mortgage was subsequently assigned to the Respondent, HSBC Mortgage Services, Inc. Petitioner and his wife defaulted on the mortgage, and HSBC commenced foreclosure proceedings under Michigan law. *See* M.C.L. §600.3201, *et. seq.* A Sheriff's Sale occurred on August 2, 2007, and Respondent HSBC was granted a Sheriff's Deed. The statutory six-month redemption period expired on February 2, 2008, without a redemption.

HSBC then commenced the 36th District Court action to recover possession of the premises, pursuant to M.C.R. 4.201, *et. seq.* Petitioner Givens filed a motion to dismiss that action in state court, and a hearing was held on March 10, 2008, before the Honorable Deborah Ford. In the meantime, Petitioner had filed a Notice of Removal in this Court, and Judge Ford adjourned the case until June 17, 2008, to "wait for the pendency of the outcome of Federal Court." (36th Dist. Ct. Transcript of 3-10-08, p. 16).[1] The parties appeared on June 17th, but the case was adjourned without date, apparently because the judge was on vacation.

## II. DISCUSSION

### A. The TRO

---

[1] The state court transcript of 3-10-08 is attached to Petitioner's motion for TRO.

At the outset, it should be noted that under 28 U.S.C. §1446(d), once a notice of removal is filed in federal court, the removing party is to file a copy of the notice with the Clerk of the state court, "which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." Based on Judge Ford's comments, it appears that Petitioner filed the notice with 36th District Court. Thus, unless and until this Court remands the case, proceedings in 36th District Court are automatically stayed, and the request for a TRO is superfluous.

To the extent that Petitioner's request for a TRO is related to a purported "complaint" filed with the notice of removal, or to the "amended complaint" filed on June 16, 2008 [Docket #9], it should also be denied. In determining whether to grant a TRO or preliminary injunction, a court must examine and weigh four factors: (1) whether the moving party has shown a strong likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002); *McPherson v. Michigan High School Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (*en banc*). Notwithstanding this balancing approach, however, the likelihood of success is the predominant factor. Thus, "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000); *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997) ("While, as a

general matter, none of these four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed.").

As discussed more fully below in Sec. C, not only was this case improperly removed, but there is no likelihood of Petitioner's success on the claims raised in his amended complaint. Therefore, the TRO must be denied.

## B. Improper Removal

Under 28 U.S.C. §1441(b), defendants who are sued in state court may remove the action to federal court if the federal court has subject matter jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). To determine whether a claim arises under the "Constitution, treaties or laws of the United States," the federal court must examine the plaintiff's complaint. "For better or worse, under the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the *plaintiff* 's complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 10, 103 S.Ct. 2841, 2847 (1983) (emphasis in original). A case may not be removed on the basis of a federal defense, where no federal claim is raised in the complaint. *Caterpillar, supra*, 482 U.S. at 393. In *Gentek Bldg Products, Inc. v. Steel Peel Litigation Trust*, 491 F.3d 320, 325 (6th Cir. 2007), the Court stated:

> "To determine whether a claim arises under federal law, a court, under the well-pleaded-complaint rule, generally looks only to the plaintiff's complaint. *Palkow v. CSX Transp., Inc.,* 431 F.3d 543, 552 (6th Cir.2005) (citing *Gully*

*v. First Nat'l Bank,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936) and *Louisville & Nashville R.R. Co. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908)). If the complaint relies only on state law, the district court generally lacks subject-matter jurisdiction, and the action is not removable. *Id.* This makes the plaintiff the master of the complaint; the plaintiff may simply avoid federal jurisdiction by relying exclusively on state law. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 398-99, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)."

The state court complaint is attached to Respondent's response [Docket #11] as Exhibit A. The one-page complaint relies exclusively on state law, specifically M.C.L. §600.5714(1)(f). 28 U.S.C. §1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Therefore, under the well-pleaded complaint rule, there is no claim invoking federal law, removal is improper, and the case must be remanded to 36th District Court.

### C. Dismissal of Amended Complaint

Petitioner attached what purports to be a complaint to his notice of removal. However, this was not docketed as a complaint. He subsequently filed an "amended complaint" [Docket #9], naming as Defendants HSBC, Decision One Mortgage, Wells Fargo Bank, JP Morgan Mortgage Trust, and the law firm of Trott & Trott, P.C. This complaint is frivolous, and must be dismissed.

Because the Petitioner requested and has been granted leave to proceed *in forma pauperis* (IFP) under 28 U.S.C. § 1915(a) [Docket #5], the complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides as follows:

"[T]he court shall dismiss the case at any time if the court determines that-

(A) the allegation of poverty is untrue; or

>    (B) the action or appeal-
>    (i) is frivolous or malicious;
>    (ii) fails to state a claim on which relief may be granted; or
>    (iii) seeks monetary relief against a defendant who is immune from such relief."

This provision applies to all IFP cases, and empowers the Court to *sua sponte* dismiss those complaints that are frivolous or fail to state a claim on which relief can be granted. *Benson v. O'Brian,* 179 F.3d 1014,1015 -1016 ( 6th Cir. 1999) ("If a complaint falls within the requirements of § 1915(e)(2) when filed, the district court should *sua sponte* dismiss the complaint"); *McGore v. Wrigglesworth,* 114 F.3d 601, 612 (6th Cir. 1997). A case is frivolous if it lacks arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

In addition a Court may dismiss a frivolous complaint for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). "[A] district court may, at any time, *sua sponte*, dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Petitioner's 44-page amended complaint raises seven discrete claims, and contains a motion for class certification as to Claims V, VI and VII.

<u>Count I</u> alleges violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692, *et. seq.* However, the FDCPA applies only to debt collectors, and §1692a(6)(A) clearly provides that "a creditor is not a debt collector for purposes of the act

if the creditor, in its own name, is trying to collect a debt that is owed to the creditor." *Turk v. CitiMortgage*, 2005 WL 2090888, *5 (E.D. Mich. 2005)(Duggan, J.). None of the named Defendants in the amended complaint are debt collectors within the meaning of the FDCPA.

Count II alleges a state law claim of intentional infliction of emotional distress. To establish a Michigan common law claim of intentional infliction of emotional distress, a plaintiff must show "(1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress." *Graham v. Ford*, 237 Mich.App. 670, 674, 604 N.W.2d 713 (1999). *See also Roberts v. Auto-Owners Insurance Co.*, 422 Mich. 594, 374 N.W.2d 905 (1985). Liability under this theory requires that the conduct complained of "has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Graham*, 237 Mich.App. at 674. This is a demanding standard: It is not sufficient to show that the defendant acted tortiously, intentionally, or even criminally. *Id.* The test has been described as whether "the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" *Roberts*, 422 Mich. at 603.

This case revolves around a mortgage foreclosure action and an action for possession in state court, following the Petitioner's default on the mortgage. Notwithstanding the Petitioner's default, he and his wife have lived in the premises for free for the past two years. Under the *Graham* and *Roberts* standard, there is nothing "outrageous" about the Defendants' conduct.

Count III alleges malicious destruction of property, based on the claim that "the Defendants cut plaintiff's front lawn so low that it was unable to recover the following spring." Petitioner does not specify which Defendants cut his lawn. More importantly, there is no reason for this Court to exercise supplemental jurisdiction over this state law claim, especially given that his federal claims must be dismissed as lacking merit.

Count IV alleges violations of the Fair Housing Act (FHA), 42 U.S.C. §3601, *et. seq.*, and the Truth in Lending Act (TILA), 15 U.S.C. §1601, *et. seq.* Petitioner also folds FDCPA allegations into this Count.

In *Bell Atlantic Corp. V. Twombley*,—U.S.—, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court set forth what a plaintiff must plead in order to survive dismissal under Rule 12(b)(6). The Court held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, 127 S.Ct. at 1964-65 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is *plausible* on its face." *Twombly*, at 1974 (emphasis added).

In the present case, Count IV represents little more than "labels, conclusions, and a

formulaic recitation of the elements" of claims under the TILA and the FHA, including his claim of "reverse redlining." The claims are simply not "plausible" under *Twombley*. The allegations concerning improper debt collection practices are not cognizable, for the reasons discussed with regard to Count I. Moreover, Petitioner alleges that Defendants used "slight (sic) of hand" and other fraudulent means to induce him to sign an unconscionable contract. However, under Fed.R.Civ.P. 9(b), allegations of fraud must be pled with specificity, and a conclusory claim is inadequate. *Gutierrez v. Lynch,* 826 F.2d 1534, 1538 (6th Cir.1987).

Count V raises claims of violation of the Consumer Products Safety Act, 15 U.S.C. §2052, *et. seq.*, and "breach of implied warranty." This is a mortgage default case. A mortgage is not a "consumer product" as defined in 15 U.S.C. §2052(a)(1), and is not covered by the Consumer Products Safety Act:

> "(1) The term 'consumer product' means any article, or component part thereof, produced or distributed (i) for sale to a consumer for use in or around a permanent or temporary household or residence, a school, in recreation, or otherwise, or (ii) for the personal use, consumption or enjoyment of a consumer in or around a permanent or temporary household or residence, a school, in recreation, or otherwise...."

As the court stated in *Uniroyal Chemical Co., Inc. v. Deltech Corp.,* 160 F.3d 238, 255 -256 (5th Cir. 1998), "On its face, therefore, the term consumer product refers to a good that is used by an individual for personal, family, or household purposes."

Nor does an "implied warranty" attach to a mortgage or a promissory note.

Count VI is titled "Common Law Strict Liability/Negligence." In substance, it appears to allege implied warranty claims, including the allegation that the adjustable rate mortgage

-9-

the Petitioner entered into "was unfit and unsafe for its intended and reasonably foreseeable use." Again, this is a mortgage foreclosure, not a products case, and warranty law does not apply.

Count VII alleges a due process violation. Petitioner relies on *Fuentes v. Shevin*, 407 U.S. 67, 96, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), where the Supreme Court held that Florida and Pennsylvania replevin statutes at issue "work a deprivation of property without due process of law insofar as they deny the right to a prior opportunity to be heard before chattels are taken from their possessor."

In Petitioner's case, of course, he has a right to a hearing before he is evicted; that is the purpose of the 36th District Court action that he seeks to remove to this Court. In addition, the courts have clearly and consistently upheld the constitutionality of foreclosure by advertisement in Michigan. *See Northrip v. Fed. Nat'l Mortgage Ass'n,* 527 F.2d 23, 26-29 (6th Cir.1975); *Ray v. Oakland County Drain Comm'n,* 115 Fed. Appx. 775, 777 (6th Cir. 2004) (unpublished); *Cramer v. Metropolitan Savings & Loan Ass'n,* 401 Mich. 252, 258 N.W.2d 20 (1977), cert. den. 436 U.S. 958, 98 S.Ct. 3072, 57 L.Ed.2d 1123 (1978); *Cheff v. Edwards,* 203 Mich.App. 557, 513 N.W.2d 439, 441 (1994). There is no constitutional violation.

Plaintiff's amended complaint is therefore patently without merit, and must be dismissed *sua sponte* under 28 U.S.C. §1915(e)(2) and Fed.R.Civ.P. 12(b)(1).

I note in closing that this is Mr. Givens' second action in this Court concerning a mortgage foreclosure. *Givens v. Homecomings Financial, et.al.*, Docket No. 06-15642,

concerned a different property. The case was dismissed under *Rooker-Feldman* and the doctrine of *res judicata*. Default on a mortgage and loss of one's home is, of course, a serious matter, and one which undoubtedly causes distress to Mr. Givens. However, like a drowning man reaching for every sliver of passing driftwood, he fails to grasp that his remedy does not lie in this Court. He has stayed afloat for the past two years, living in the house without paying anything, but as Judge Ford told him, "You got to pay to stay." (Tr. 3-10-08, 30). This case must be remanded for Mr. Givens to present any remaining arguments to Judge Ford.

### III.  CONCLUSION

I recommend that Petitioner's motion for TRO [Docket #6] be DENIED, that the case be REMANDED to 36th District Court, and that Petitioner's amended complaint [Docket #9] be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich.

LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: June 26, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 26, 2008.

s/G. Wilson
Judicial Assistant